UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ x | | | |
| CARPENTERS HEALTH & WELFARE FUND, et al., | : | CASE NO. | 1:06MC00508 |
| | : | JUDGE: | John D. Bates |
| Plaintiffs, | : | DECK TYPE: | Miscellaneous |
| | : | | |
| vs. | : | (Case No. 1:00-CV-2838-WBH (N.D. Ga.)) |
| | : | | |
| THE COCA-COLA COMPANY, et al., | : | | |
| | : | | |
| Defendants. | : | | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ x | | | |

PLAINTIFFS CARPENTERS HEALTH AND WELFARE FUND OF PHILADELPHIA
AND VICINITY AND LOCAL 144 NURSING HOME PENSION FUND'S REPLY
MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DOCUMENT
PRODUCTION FROM K. CHRIS TODD

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...........................................................................................1

II.     ARGUMENT .................................................................................................3

        A.      The Attorney-Client Privilege Is Not Implicated in Producing the
                Requested Documents...............................................................................3

        B.      The Production of Documents Created During Ms. Minick-Scokalo's
                Employment at Coke Years Before She Retained Mr. Todd Does Not
                Reveal Attorney-Client Communications...................................................4

        C.      Mr. Todd's Production Does Not Violate Ms. Minick-Scokalo's Fifth
                Amendment Right Against Self-Incrimination ...........................................6

        D.      Plaintiffs' Motion Is Not Premature ......................................................11

III.    CONCLUSION.............................................................................................12

## TABLE OF AUTHORITIES

**Page**

*Alexander v. FBI*,
　192 F.R.D. 42 (D.D.C. 2000)...........................................................6

*Banks v. Office of the Senate Sergeant-at-Arms*,
　236 F.R.D. 16 (D.D.C. 2006).....................................................3, 5, 6

*Bear Stearns & Co. v. Wyler*,
　182 F. Supp. 2d 679 (N.D. Ill. 2002) ...................................7, 10, 11

*Chiperas v. Rubin*,
　No. 96-130 (TPJ/JMF), 1998 U.S. Dist. LEXIS 23578
　(D.D.C. Nov. 3, 1998)...................................................................12

*Fisher v. United States*,
　425 U.S. 391 (1976)........................................................................7

*Hoffman v. United States*,
　341 U.S. 479 (1951)........................................................................9

*In re Lindsey*,
　148 F.3d 1100 (D.C. Cir. 1998) .....................................................3

*Ohio v. Reiner*,
　532 U.S. 17 (2001)...................................................................1, 7, 9

*Tri-State Hosp. Supply Corp. v. United States*,
　No. 00-1463 (HHK/JMF), 2005 U.S. Dist. LEXIS 33156
　(D.D.C. Dec. 16, 2005)................................................................5, 6

*United States v. Doe*,
　465 U.S. 605 (1984)........................................................................7

*United States v. Fisher*,
　352 F. Supp. 731 (E.D. Pa. 1972),
　*aff'd*, 500 F.2d 683 (3d Cir. 1974) ...............................................11

*United States v. Hubbell*,
　530 U.S. 27 (2000)........................................................................8, 9

**Page**

*United States v. Legal Servs.*,
   249 F.3d 1077 (D.C. Cir. 2001) ................................................................................3

*United States v. Marra*,
   No. 05-2509 (JCL) 2005 U.S. Dist. LEXIS 23411
   (D.N.J. Oct. 5, 2005) ...............................................................................................8

*United States v. Ponds*,
   454 F.3d 313 (D.C. Cir. 2006) .............................................................................6, 7

*Washington v. Thurgood Marshall Academy*,
   230 F.R.D. 18 (D.D.C. 2005) .................................................................................12

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
   Rule 45 ...............................................................................................................2, 11

Plaintiffs Carpenters Health and Welfare Fund of Philadelphia and Vicinity and Local 144 Nursing Home Pension Fund respectfully submit this reply memorandum in support of their motion to compel document production from K. Chris Todd.

## I.    INTRODUCTION

The evidence Mr. Todd seeks to withhold is neither protected by the Fifth Amendment of the United States Constitution nor the attorney-client privilege. Indeed, the documents plaintiffs request are not privileged, but quintessential business records. Mr. Todd does not dispute this. Rather, Mr. Todd contends that the very *act* of producing responsive documents would violate his former client's, Ms. Minick-Scokalo, Fifth Amendment right against self-incrimination and attorney-client privilege.

The Fifth Amendment can only apply to acts that have a testimonial effect and the "testimony" serves to incriminate. Mr. Todd has not attempted to provide one concrete example of how producing documents would incriminate Ms. Minick-Scokalo. Mr. Todd does nothing more than wildly speculate about unknown investigations and unfounded self-incriminations. The Fifth Amendment demands much more. "A danger of 'imaginary and unsubstantial character' will not suffice." *Ohio v. Reiner*, 532 U.S. 17, 21 (2001).[1] Simply put, Mr. Todd contends the act of production would be testimony of the existence, location and authentication of the documents. But Mr. Todd fails to demonstrate there is any investigation – contemplated, pending or completed – that could possibly lead to criminal penalties to his client, a former mid-level manager at The Coca-Cola Company ("Coke" or the "Company") for such testimony.

---

[1]     Here, as elsewhere, citations are omitted and emphasis is added.

1

Mr. Todd further argues that producing these documents would violate the attorney-client privilege. Although Mr. Todd, as plaintiffs understand it, possesses the potentially responsive, nonprivileged documents, he complains that plaintiffs should have looked to Ms. Minick-Scokalo first before ever subpoenaing him. In fact, plaintiffs did. But this complex litigation requires that all available avenues to key documents be followed. Moreover, Mr. Todd provides no legal authority requiring his proposed ordering of discovery and, in fact, Ms. Minick-Scokalo lives outside of the United States and the subpoena power of the federal courts. Mr. Todd's status as attorney does not give him the right to sidestep his obligations under Federal Rule of Civil Procedure 45.

Mr. Todd implies he has at least reviewed Ms. Minick-Scokalo's documents, yet he avers he cannot determine – without relying on Ms. Minick-Scokalo's communications – whether they are responsive to plaintiffs' subpoena. Mr. Todd's assertion is highly questionable. The documents' contents are self-revealing. They are not so esoteric or indefinite that confidential communications are needed to determine if they are responsive to plaintiffs' subpoena. If the documents were generated in the scope of her employment at Coke, they are relevant for discovery purposes and must be produced. That the business reports sought are not privileged cannot be more clear as they were described in detail by Ms. Minick-Scokalo to plaintiffs' investigator and were actually referenced and described at length in plaintiffs' Amended Consolidated Class Action Complaint for Violation of the Securities Exchange Act of 1934 ("Complaint") that was filed years before Ms. Minick-Scokalo even retained Mr. Todd.[2] *See* Minahan Decl., Ex. A ¶152. The documents at issue are presentations

---

[2]     The Complaint is attached as Exhibit A to the Declaration of Ted Minahan in Support of Plaintiffs Carpenters Health and Welfare Fund of Philadelphia and Vicinity and Local 144 Nursing

2

made by Ms. Minick-Skokalo during her employment at Coke regarding the issues at the center of plaintiffs' claims.

Mr. Todd has provided no reasoned basis to apply the Fifth Amendment or attorney-client privilege here. He has relied exclusively on speculative and unreasonable grounds to withhold these documents from plaintiffs. He has simply made no effort to satisfy his burden that these documents can be properly withheld from plaintiffs. Accordingly, the Court should grant Plaintiffs Carpenters and Health and Welfare Fund of Philadelphia and Vicinity and Local 144 Nursing Home Pension Fund's Motion to Compel Document Production from K. Chris Todd and Memorandum in Support Thereof ("Plaintiffs' Mem." or "Plaintiffs' Memorandum").

## II.    ARGUMENT

### A.    The Attorney-Client Privilege Is Not Implicated in Producing the Requested Documents

Contrary to Mr. Todd's assertions, the attorney-client privilege does have boundaries: "In this circuit, 'the attorney-client privilege is narrowly circumscribed to shield from disclosure only those communications from a client to an attorney made in confidence and for the purpose of securing legal advice.'" *Banks v. Office of the Senate Sergeant-at-Arms*, 236 F.R.D. 16, 19-20 (D.D.C. 2006). To seek attorney-client protections, the claimant must demonstrate the attorney-client privilege actually applies. *United States v. Legal Servs.*, 249 F.3d 1077, 1081 (D.C. Cir. 2001) ("as always the burden of demonstrating the applicability of the privilege lies with those asserting it"); *In re Lindsey*, 148 F.3d 1100, 1106 (D.C. Cir. 1998). Mr. Todd has not met his burden. Mr.

---

Home Pension Fund's Motion to Compel Document Production from K. Chris Todd ("Minahan Decl.").

Todd does no more than contend the attorney-client privilege makes plaintiffs' subpoena premature and protects the act of producing documents because document production will necessarily reveal confidential information provided to Mr. Todd from Ms. Minick-Scokalo.  There is no credible factual support, legal authority or policy rationale evidencing that the production of a document that was created years before the initiation of the attorney-client relationship could be privileged in any way.

> **B.  The Production of Documents Created During Ms. Minick-Scokalo's Employment at Coke Years Before She Retained Mr. Todd Does Not Reveal Attorney-Client Communications**

Mr. Todd claims he would violate the attorney-client privilege in producing responsive documents because it "would reveal confidential information received from Ms. Minick-Scokalo about the nature, genesis, and authenticity of those documents."  K. Chris Todd's Opposition to Plaintiffs' Motion to Compel Document Production ("Todd Opp.") at 16.  This is nonsensical.  Mr. Todd offers no reason – legal or factual – that the authentication or creation of the documents  – created years before his retention – implicates a privileged communication or how this privilege could be impacted by the act of production.[3]

Mr. Todd claims that by producing the requested documents, he will be implicitly admitting Ms. Minick-Scokalo gave him the documents, which, he maintains, is a privileged communication

---

[3]    Mr. Todd further claims that producing the documents would reveal the subject matter of the communications because the contents would necessarily infer what Ms. Minick-Scokalo and Mr. Todd discussed.  Todd Opp. at 15.  Mr. Todd's conclusion is not tenable.  Under such a theory, every nonprivileged document given by a client to his or her attorney would  automatically become privileged.  Moreover, the documents requested were created years before the existence of the attorney-client relationship.

barring production.  Again, Mr. Todd offers no authority for this position, which is inconsistent with the law of this Circuit.  *See Banks*, 236 F.R.D. at 21 ("[T]here are several documents that consist of letters, facsimiles, or e-mails forwarding documents from SSA employees to counsel.  While the fact of the transmittal might be attorney-client privileged, ***such transmittal does not shield from discovery the forwarded documents***."); *Tri-State Hosp. Supply Corp. v. United States*, No. 00-1463 (HHK/JMF), 2005 U.S. Dist. LEXIS 33156, at *11 (D.D.C. Dec. 16, 2005) ("While the fact of the transmittal might be an attorney-client privileged communication, ***that does not in itself shield from discovery the documents forwarded with that letter or facsimile***.").[4]

Moreover, the documents requested are not obscure, ambiguous documents for which their responsiveness can only be understood from otherwise privileged discussions with Ms. Minick-Scokalo.  Indeed, not only has Mr. Todd cited no cases for such an incredible position, but these documents are actually described in detail in plaintiffs' Complaint, which was filed years before Ms. Minick-Scokalo retained Mr. Todd.  *See* Minahan Decl., Ex. A ¶152.  A brief review of ¶152 reveals the specious nature of this contention.  Nor does Mr. Todd even attempt to describe how Ms. Minick-Scokalo's documents are so unintelligible that Mr. Todd must resort to attorney-client communications to determine what they are.  Mr. Todd simply offers conclusory statements that he would be forced to testify to the documents' preparation and authenticity.  This is insufficient.  *See*

---

[4]    Mr. Todd suggests that these cases protect the underlying documents provided to the attorney as privileged.  Todd Opp. at 14.  Not so.  Courts have held, as stated above, that a letter from client to attorney is privileged, but the documents accompanying the letter, which were pre-existing business-related documents, are not privileged.  *See Banks*, 236 F.R.D. at 21; *Tri-State*, 2005 U.S. Dist. LEXIS 33156, at *11.  Like *Banks* and *Tri-State*, the discussions between Ms. Minick-Scokalo and Mr. Todd are privileged, but the underlying documents she handed to Mr. Todd that preexisted the relationship are not.

*Alexander v. FBI*, 192 F.R.D. 42, 45 (D.D.C. 2000) (denying claim of privilege because claimant "must offer more than just conclusory statements"). If Mr. Todd simply looked at Ms. Minick-Scokalo's documents in his possession, he could determine if they were generated when she worked for Coke. Verification that the documents are responsive does not touch on the attorney-client privilege. *See Banks*, 236 F.R.D. at 21 ("[T]o the extent that the forwarded documents are ***independently responsive*** to plaintiff's document requests, have not already been produced, and are not otherwise privileged, they must be produced."); *Tri-State*, 2005 U.S. Dist. LEXIS 33156, at *12 (same).

From Ms. Minick-Scokalo's own description of the requested documents, they were generated in 1998-2000 during her employment at Coke and well before she retained Mr. Todd. Thus, they are not privileged.

### C. Mr. Todd's Production Does Not Violate Ms. Minick-Scokalo's Fifth Amendment Right Against Self-Incrimination

While Mr. Todd claims Ms. Minick-Scokalo is subject to self-incrimination from the mere production of the business records generated in 1999, years before she retained Mr. Todd, he makes no such showing. At a minimum, such a showing is the *sine qua non* to Ms. Minick-Scokalo's assertion of Fifth Amendment protection.

Determining whether producing documents is testimonial in the first instance, turns on the pre-subpoena knowledge about that purported testimony. That is, if the requesting party can describe with "reasonable particularity" that it knows of the existence and location of the subpoenaed documents, then the act of production is not testimony, but a "foregone conclusion." *United States v. Ponds*, 454 F.3d 313, 320 (D.C. Cir. 2006). Where plaintiffs were aware of the

documents and their nature, the act of producing simply does not transmit any new information, and consequently, is not "testimony." *Fisher v. United States*, 425 U.S. 391, 408 (1976).

Plaintiffs have described with reasonable particularity the creation, existence and believed location of the documents they have subpoenaed from Mr. Todd. As stated in Plaintiffs' Memorandum, Ms. Minick-Scokalo, years before her retention of Mr. Todd, "prepared a detailed internal report outlining the impropriety of Coke's concentrate loading practices." Plaintiffs' Mem. at 3.[5] Years later, this report was given to her attorney, Mr. Todd. *Id.* at 4. Accordingly, Mr. Todd's production of the documents adds nothing new to plaintiffs' pre-subpoena knowledge of the requested documents. *See Ponds*, 454 F.3d at 325 (holding attorney's act of producing correspondence and documents regarding payment of legal fees was a foregone conclusion because prosecutor had sufficient pre-subpoena knowledge as to their existence and location). The requested documents, nevertheless, provide important ***evidence*** of contemporaneous assessments of business conduct at issue in the underlying civil securities action.

Even if the existence and location of the requested documents were not foregone conclusions, the testimonial aspect of production still must incriminate. *United States v. Doe*, 465 U.S. 605, 612 (1984) (holding the Fifth Amendment applies only when the "testimony" has "an incriminating effect"). It is Mr. Todd's burden – not plaintiffs – to demonstrate the act of production will be incriminating. *Reiner*, 532 U.S. at 21 (claimant must provide some basis to "establish the risk of incrimination"); *Bear Stearns & Co. v. Wyler*, 182 F. Supp. 2d 679, 681, 684 (N.D. Ill. 2002) (court

---

[5]    In the course of Ms. Minick-Scokalo's employment at Coke, she presented this report to at least three senior executives at the Company, two of which are defendants in this case. Plaintiffs' Mem. at 3.

denied Fifth Amendment claim because "Wyler does little to explain how the act of producing documents would pose a real danger of incrimination").  Mr. Todd has offered no credible rationale, beyond his pure speculation, that the act of producing the requested documents will assumedly violate Ms. Minick-Scokalo's privilege against self-incrimination.  This is insufficient.  The claimant "'must provide more than mere speculative, generalized allegations of possible . . . prosecution. . . . The [claimant] must be faced with substantial and real hazards of self-incrimination.'"  *United States v. Marra*, No. 05-2509 (JCL) 2005 U.S. Dist. LEXIS 23411, at *25 (D.N.J. Oct. 5, 2005).

Mr. Todd contends that by his producing the documents, Ms. Minick-Scokalo will "be testifying to the authenticity of these documents" and that she created them. Todd Opp. at 6-7.  That is simply untrue.  However, even if one accepted the flawed premise that such "testimony" arises from production, he cannot demonstrate how the authentication or creation of the documents is incriminating or how the act of producing documents here is incriminating other than to opine it "could be evidence in any criminal investigation."  *Id*. at 7.  It is unclear what purported criminal investigation could turn on whether Ms. Minick-Scokalo's documents are authentic or created by her.  In fact, she was never a target of the now closed investigation of Coke.  In *United States v. Hubbell*, 530 U.S. 27 (2000), the subpoenaed party refused to produce documents on Fifth Amendment grounds because he had previously stated to the Independent Counsel that he had complied fully with his plea agreement, *i.e.*, produced all responsive documents.  *Id*. at 30-31.  To now comply with the new subpoena, the subpoenaed party contended, would be self-incriminating because production would demonstrate he did not comply with his plea agreement.  *Id*.  Unlike in *Hubbell*, Mr. Todd does not assert there is or has been any government investigation of Ms. Minick-Scokalo to which the act of production here would lead to criminal sanctions.  In fact, Mr. Todd

8

presents no evidence of any government investigation – opened or closed – that *inquires into the existence, creation, possession, location or authenticity of these documents*.[6]  In fact, the only pertinent investigation closed over a year ago without indictment, and Ms. Minick-Scokalo was never a target, as she was a mid-level executive who did nothing wrong.  She was simply a percipient witness.

Mr. Todd muses that it is possible that the United States Attorney's Office for the Northern District of Georgia ("USAO") could reopen its investigation of Coke.  Todd Opp. at 9.  But even if it did, what possible criminal link is there to Ms. Minick-Scokalo?  This does not justify Fifth Amendment protection, which demands much more than mere speculation.  "A danger of 'imaginary and unsubstantial character' will not suffice." *Reiner*, 532 U.S. at 21; *Hoffman v. United States*, 341 U.S. 479, 486 (1951) ("The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself – his say-so does not of itself establish the hazard of incrimination.").  Permitting the speculation Mr. Todd proposes to support a Fifth Amendment protection would allow any subpoenaed party to avoid production of documents.

Mr. Todd's attempt to distinguish plaintiffs' legal authority is no more availing.  In *Marra*, 2005 U.S. Dist. LEXIS 23411, at *21, the court found the act of production was not incriminating because the subpoenaed party *was not under investigation*.  But Mr. Todd contends *Marra* is

---

[6]    Mr. Todd points to the *content* of the documents to suggest possible illegal conduct.  But it is irrelevant that these documents memorialize Ms. Minick-Scokalo's personal impressions about Coke's senior executives' wrongful business practices, not her own.  As Mr. Todd essentially concedes, the contents of the documents were voluntarily prepared in the course of Ms. Minick-Scokalo's employment.  That being so, the documents themselves are not entitled to Constitutional protection.  *See Hubbell*, 530 U.S. at 36 (the contents of a voluntarily prepared document are not protected by the Fifth Amendment).

different from this case because the scope of the USAO's investigation of Coke is unknown. Todd

Opp. at 9. Not true. The USAO's investigation closed more than a year and a half ago, and the

Securities and Exchange Commission, which partnered with the USAO in the investigation, entered

a consent decree with Coke in April 2005. Mr. Todd has not offered a scintilla of evidence that any

new or further investigation is about to erupt. Plaintiffs' Mem. at 8; Todd Opp. at 5-12. And even if

the USAO were to reopen its investigation, Mr. Todd still has made no effort to show why the

USAO's investigation would target a mid-level employee who had done nothing wrong and who

lacks the corporate authority to be held liable under the federal securities laws.

Mr. Todd also claims *Wyler*, 182 F. Supp. 2d at 684, is not applicable here because Mr.

Wyler did not offer any reason why the act of production would be incriminating. Mr. Todd states:

> What is more, the *Wyler* Court went on to note that Mr. Wyler had failed to allege
> ***any*** pending criminal investigation relating ***in any way*** to himself or the subject of
> the documents at issue, and had in fact "***made no attempt to tender a reason why the
> production of the documents at issue would be incriminating***." 182 F. Supp. 2d at
> 684.

Todd Opp. at 10 (emphasis in original and added).

This is flatly wrong. In fact, Mr. Wyler – much like Mr. Todd here – made a specious

argument about a criminal investigation:

> The question is how the production of these documents will be incriminating. Wyler
> seeks to establish this, initially, through a footnote stating: "It is undisputed that a
> criminal investigation was opened relating to the events described in the Complaint –
> indeed, James Sitlington is now in federal prison as a result."

*Wyler*, 182 F. Supp. 2d at 681-82.

The *Wyler* court was unconvinced by Mr. Wyler's reasoning: "[B]ut there must be some

explanation, some set of facts, that would lead the court to the conclusion at which Wyler hopes we

arrive. . . . Wyler has simply provided the court with no information to suggest how the testimonial aspects of that production might be incriminating." *Id*. at 684.

Lastly, Mr. Todd contends the he is not obligated to produce the responsive documents because plaintiffs did not first exhaust all discovery means available to obtain the documents directly from Ms. Minick-Scokalo. Todd Opp. at 11. This has no bearing on whether or not Ms. Minick-Scokalo has an applicable Fifth Amendment right. Mr. Todd cites no legal authority – not one case – stating a Fifth Amendment analysis turns on whether plaintiffs must first attempt to subpoena the documents directly from the client. Simply stated, Mr. Todd is the believed custodian of responsive documents; his status as Ms. Minick-Scokalo's former attorney does not make him, or any other third party with responsive documents, immune from the obligations of Federal Rule of Civil Procedure 45.

### D.    Plaintiffs' Motion Is Not Premature

Mr. Todd urges that plaintiffs' motion is premature because plaintiffs did not make a "meaningful" attempt to exhaust discovery from Ms. Minick-Scokalo before subpoenaing him. Todd Opp. at 13-14. This, Mr. Todd claims, prejudices Ms. Minick-Scokalo from objecting to the subpoena and "seeking the advice of counsel." *Id*.

There is simply no mandate that plaintiffs must first exhaust all means of parallel discovery before subpoenaing an attorney. Service of a subpoena is especially appropriate where plaintiffs have good cause to believe that the attorney, not the client, possesses the responsive documents. *See* Plaintiffs' Mem. at 4. Mr. Todd's cases do not hold, or even suggest, otherwise. *See* Todd Opp. at 13-14; *United States v. Fisher*, 352 F. Supp. 731, 732-33 (E.D. Pa. 1972), *aff'd*, 500 F.2d 683 (3d Cir. 1974) (court takes no issue with serving summons on attorney after learning attorney possesses

responsive documents).  Importantly, Ms. Minick-Skokalo is outside of the country and the subpoena

power of the federal courts, and it is unclear whether she still has possession of a copy of the

documents she provided to Mr. Todd.

Nor will Ms. Minick-Skokalo be prejudiced by plaintiffs subpoenaing Mr. Todd.  Mr. Todd

wrongly asserts that by directing the subpoena to him rather than  Ms. Minick-Skokalo, she loses her

right to object.  Todd Opp. at 14.  This is not the law: "A party generally lacks standing to challenge

a subpoena issued to a third party *absent a claim of privilege, proprietary interest, or personal*

*interest in the subpoenaed matter*."  *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21

(D.D.C. 2005); *see Chiperas v. Rubin*, No. 96-130 (TPJ/JMF), 1998 U.S. Dist. LEXIS 23578, at *4

(D.D.C. Nov. 3, 1998) (same).  Indeed, Mr. Todd, as a co-holder of the privilege, advances the very

privilege argument he supposes Ms. Minick-Skokalo would put before this Court.

## III.    CONCLUSION

Because the act of producing Ms. Minick-Skokalo's documents is neither testimonial nor

incriminating, her Fifth Amendment right against self-incrimination is not implicated.  Further, the

responsiveness of the requested documents is apparent on their face.  Mr. Todd does not need to rely

on attorney-client communications to determine which documents should be produced.  For these

reasons, the Court should grant Plaintiffs Carpenters and Health and Welfare Fund of Philadelphia

and Vicinity and Local 144 Nursing Home Pension Fund's Motion to Compel Document Production

from K. Chris Todd.

DATED:  December 11, 2006                    Respectfully submitted,

                                            LAW OFFICES OF ROGER ADELMAN


                                             s/ ROGER ADELMAN
                                            ROGER ADELMAN
                                            (Bar No. 056358)

                                            1100 Connecticut Ave., N.W. Suite 730
                                            Washington, D.C. 20036
                                            Telephone: 202/822-6762
                                            Fax:  202/828-8528

                                            LERACH COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
                                            NANCY M. JUDA
                                            (Bar No. 445487)
                                            1100 Connecticut Ave., N.W. Suite 730
                                            Washington, D.C. 20036
                                            Telephone: 202/822-6762
                                            Fax:  202/828-8528

                                            LERACH COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
                                            STEVEN W. PEPICH
                                            DANIEL S. DROSMAN
                                            SCOTT H. SAHAM
                                            TED MINAHAN
                                            GAVIN M. BOWIE
                                            655 West Broadway, Suite 1900
                                            San Diego, CA  92101
                                            Telephone:  619/231-1058
                                            619/231-7423 (fax)

13

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
DENNIS J. HERMAN
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
Sandra Stein
1845 Walnut Street, 25th Floor
Philadelphia, PA  19103
Telephone:  215/988-9546
Fax:  215/988-9885

CHITWOOD HARLEY HARNES LLP
MARTIN D. CHITWOOD
Georgia Bar No. 124950
STUART J. GUBER
Georgia State Bar No. 141879
JAMES M. EVANGELISTA
Georgia State Bar No. 707807
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, GA  30309
Telephone:  404/873-3900
404/876-4476 (fax)

Co-Lead Counsel for Plaintiffs

VANOVERBEKE MICHAUD &
    TIMMONY, P.C.
Michael J. VanOverbeke
Thomas C. Michuad
Michael E. Moco
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
Fax:  313/578-1201

Additional Counsel for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ ROGER ADELMAN
ROGER ADELMAN

LAW OFFICES OF ROGER ADELMAN
1100 Connecticut Ave., N.W. Suite 730
Washington, D.C. 20036
Telephone: 202/822-6762
Fax:  202/828-8528
E-mail: Adelmarm@erols.com

# Mailing Information for a Case 1:06MC00508

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Roger M. Adelman**
  Adelmarm@erols.com
- **Nancy M. Juda**
  nancyj@lerachlaw.com
- **Steven F. Benz**
  sbenz@khhte.com
- **Geoffrey M. Klineberg**
  gklineberg@khhte.com
- **James M. Webster**
  jwebster@khhte.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing).

M. Robert Thornton
Jeffrey Cashdan
Stephen Devereaux
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309

Ronald L. Olson
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560

Martin D. Chitwood
Stuart J. Guber
James M. Evangelista
Chitwood Harley Harnes LLP
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, GA 30309

Daniel M. Shanley
DeCarlo & Connor
533 South Fremont Avenue, 9th Floor
Los Angeles, CA  90071-1706

Michael J. VanOverbeke
Thomas C. Michaud
Michael E. Moco
VanOverbeke Michaud & Timmony, P.C.
79 Alfred Street
Detroit, MI 48201

Steven W. Pepich
Daniel S. Drosman
Scott H. Saham
Ted Minahan
Gavin M. Bowie
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Dennis J. Herman
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111

Sandra Stein
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1845 Walnut Street, 25th Floor
Philadelphia, PA 19103

Courtesy Copies:

Geoffrey M. Klineberg
James Webster
Steven L. Benz
Andrew M. Hetherington
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036

Roger Adelman
Law Offices of Roger Adelman
1100 Connecticut Ave., N.W. Suite 730
Washington, D.C. 20036

Nancy M. Juda
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1100 Connecticut Ave., N.W. Suite 730
Washington, D.C. 20036