UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CARPENTERS HEALTH & WELFARE FUND, ET AL., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Misc. No. 1:06-mc-00508-JDB |
| THE COCA-COLA CO., et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

**K. CHRIS TODD'S MOTION TO STAY PROCEEDINGS PENDING
CONCURRENT PROCEEDINGS IN SWITZERLAND**

K. Chris Todd respectfully moves for a stay of all proceedings in this matter pending the completion of Plaintiffs' deposition of Tamara Minick-Scokalo on February 5, 2007. Pursuant to a January 17, 2007 order by the Tribunal D'Arrondissement de la Cote, of the Canton de Vaud, Switzerland, Ms. Minick-Scokalo must appear next Monday, February 5, 2007 to produce the very documents Plaintiffs seek from Mr. Todd in this action and answer questions by Plaintiffs' counsel about those documents and related matters. Mr. Todd respectfully submits that all proceedings before this Court should be stayed as they may be rendered moot by the proceedings ordered to take place in Switzerland next Monday.

**STATEMENT OF POINTS AND AUTHORITIES**

On November 13, 2006, Plaintiffs filed a motion to compel Mr. Todd to produce documents allegedly given to him in the course of his representation of a former client, Tamara Minick-Scokalo. *See* Pls. Carpenters Health & Welfare Fund of Phila. & Vicinity & Local 144

Nursing Home Pension Fund's Mot. Compel Doc. Produc. From K. Chris Todd (filed Nov. 13, 2006) (Dkt. No. 1) ("Mot. Compel").  Plaintiffs sought "various documents, including a report identifying the impropriety of Coke's channel stuffing activities." *Id.* at 1.  Plaintiffs argued that this Court should order Mr. Todd to produce the documents because they were unable to obtain those documents from Ms. Minick-Scokalo given the uncertainties and duration of proceedings under the Hague Convention:

> Plaintiffs have repeatedly attempted to obtain Ms. Minick-Scokalo's documents from Coke and from Ms. Minick-Scokalo, *but to no avail*. . . . Ms. Minick-Scokalo presently resides in Switzerland, and is beyond plaintiffs' direct subpoena power.  Plaintiffs are nonetheless attempting to subpoena Ms. Minick-Scokalo through the Hague Convention.  But *this process is uncertain, and experience dictates it may take many months, if not a year, to accomplish, potentially making the considerable effort useless for trial*.  Moreover, plaintiffs understand that Ms. Minick-Scokalo no longer has custody of the relevant documents, and Mr. Todd does.

*Id.* at 1-2 (emphasis added).

In response, Mr. Todd argued, *inter alia*, that Plaintiffs were improperly attempting to circumvent the protections of the attorney-client privilege by subpoenaing Ms. Minick-Scokalo's attorney directly, without first making a diligent effort to obtain the documents directly from Ms. Minick-Scokalo.  *See* K. Chris Todd's Opp. to Pls.' Mot. Compel Doc. Produc. at 11-13 (Dec. 1, 2006) (Dkt. No. 3).  Mr. Todd also noted that, even if it were accurate that Ms. Minick-Scokalo did not have physical custody of the requested documents – an allegation that is not supported by an affidavit or any other evidence in the records – and that she had given a copy to Mr. Todd, she would still have *de jure* custody and control of the documents, because she could instruct Mr. Todd to return any responsive documents to her.  *See id.* at 17.

In their supplemental brief, filed on January 29, 2007, Plaintiffs conceded that Ms. Minick-Scokalo has constructive possession of the subpoenaed documents.  *See* Pls. Carpenters Health & Welfare Fund of Phila. & Vicinity & Local 144 Nursing Home Pension Fund's

Supplemental Mem. in Supp. of Mot. Compel Doc. Produc. From K. Chris Todd at 8 (filed Jan. 29, 2006) (Dkt. No. 9) ("Supplemental Mem."). Plaintiffs argued that they would in fact be entitled to compel the production of those documents from Ms. Minick-Scokalo directly, "if she still retained them and had she been within the Court's subpoena power," and reiterated their unsupported claim that Ms. Minick-Scokalo no longer has copies of the documents at issue. *See id.* at 1, 9.

It is now clear that, as early as January 17, 2007, twelve days prior to filing their supplemental brief this last Monday, Plaintiffs obtained an order from a Swiss court compelling Ms. Minick-Scokalo to produce the very documents Plaintiffs seek from Mr. Todd and answer questions by Plaintiffs' counsel about those documents and related matters in Plaintiffs' case against Coca-Cola. *See* Letter from P. Bruttin, President, Tribunal D'Arrondissement de la Cote, Canton de Vaud, Switzerland to T. Minick-Scokalo (Jan. 17, 2007) (attached hereto as Ex. A).[1]

Mr. Todd respectfully requests that this Court stay proceedings in this matter until the outcome of Ms. Minick-Scokalo's scheduled deposition and the Swiss court's order to produce documents are known. If Ms. Minick-Scokalo produces the documents sought by Plaintiffs, the motion to compel currently before this Court would be moot. That motion would also be moot if Ms. Minick-Scokalo invokes her rights under the Fifth Amendment, and refuses to produce

---

[1] Counsel's informal translation of the documents Ms. Minick-Scokalo is ordered to produce is as follows:

1. A copy of any prior transcripts of testimony given by Ms. Tamara Minick-Scokalo concerning the business affairs of Coke;

2. The three reports prepared by Ms. Tamara Minick-Scokalo that were presented to Douglas Daft, M. Douglas Ivester, and Michael Hall concerning the use of concentrate loading to inflate the sales numbers of CCJC; and

3. Documents concerning all versions of the presentation entitled "killing the goose with the golden eggs (which lays the golden eggs)," which was presented by Ms. Minick-Scokalo to Michael Hall between 1998 and 2000. This presentation discussed Coke's practice of "channel stuffing" in Japan, and a similar version was presented to Messrs. Douglas Daft and M. Douglas Invester during the same period.

3

responsive documents on the ground that the act of doing so may tend to incriminate her.[2] What is more, any information provided by Ms. Minick-Scokalo about the genesis of the requested documents would, at the very least, inform this court's determination of whether those documents are business records, as Plaintiffs contend. For those reasons, Mr. Todd respectfully submits that proceedings in this matter, including the motion hearing currently scheduled for January 31, 2007, should be stayed pending the outcome of the proceedings in Switzerland.

## CONCLUSION

For the foregoing reasons, Mr. Todd's motion to stay should be granted.

---

[2] *See Fisher v. United States*, 425 U.S. 391, 403-04 (1976) ("[P]re-existing documents *which could have been obtained by court process from the client* when he was in possession may also be obtained from the attorney by similar process following transfer by client in order to obtain more informed legal advice.") (emphasis added); *id.* at 404 ("[W]hen the client himself would be privileged from production of the document, either as a party at common law . . . *or as exempt from self-incrimination*, the attorney having possession of the document is not bound to produce.") (emphasis added; internal quotation marks omitted).

        Respectfully submitted,

        */s/ James Webster*

James Webster
  D.C. Bar No. 450516
Steven F. Benz
  D.C. Bar No. 428026
Geoffrey M. Klineberg
  D.C. Bar No. 444503
KELLOGG, HUBER, HANSEN,
  TODD, EVANS & FIGEL, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
jwebster@khhte.com

*Counsel for K. Chris Todd*

January 30, 2007

**CERTIFICATE OF SERVICE**

   I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 30, 2007.

                _/s/ James Webster_
               James Webster
                D.C. Bar No. 450516
               KELLOGG, HUBER, HANSEN,
                TODD, EVANS & FIGEL, P.L.L.C.
               1615 M Street, N.W., Suite 400
               Washington, DC 20036
               Tel: (202) 326-7900
               Fax: (202) 326-7999

               jwebster@khhte.com

# Exhibit A



**CANTON DE VAUD**

**TRIBUNAL D'ARRONDISSEMENT DE LA COTE**

Route de St-Cergue 38
1260 Nyon

Madame
Tamara MINICK-SCOKALO
Route des Pralets 16
1295 Tannay

N/réf
SHL/fb
(à rappeler dans toute correspondance)

V/réf

Date
17 janvier 2007

Concerne :   commission rogatoire affaire Carpenters Health & Welfare Fund of Philadelphia and Vicinity, et al., c/o Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, Cal. 92101-3301, USA contre Coca-Cola Company, Post Office Drawer 1734, Atlanta, Georgia, 30301 USA. **Votre audition en qualité de témoin**.

Madame,

Le greffe a eu un contact avec votre mari et a appris ainsi que vous êtes en principe absente tous les jours ouvrables de la semaine.

Nous devons néanmoins vous entendre dans le cadre de la commission rogatoire citée en marge et sommes obligés de vous convoquer. Pour simplifier, nous nous arrangeons pour vous entendre un lundi, de manière à ne pas trop perturber votre programme.

Vous êtes donc convoquée pour **le lundi 5 février 2007 à 14:00 heures** et vous sommes très obligés de prendre toutes dispositions.

Pour le surplus, nous joignons à la présente une liste de l'autorité requérante vous demandant de produire des pièces lors de l'audience.

Veuillez agréer, Madame, l'assurance de ma considération distinguée.

Le Président :
P. BRUTTIN

**Annexe** : mentionnée

Copie :   au Tribunal Cantonal, Mme PENSEYRES, référence CR 26/07

Me Christian MEYER, avocat, 8022 Zürich

Téléphone 022 365 52 00   Fax 022 365 52 22   CCP 12-6750-6

26910

3

8   Actes d'instruction ou autres actes judiciaires à accomplir (article 3, d)
    A Production des titre par des tiers comme suit

   Mme Tamara Minick-Scokalo doit être requis de produire des documents en sa possession comme suit (Request p. 6 s.):

   1 Copie du précédant procès verbal du témoinage de Mme Tamara Minick-Scokalo concernant le conduite du commerce de Coke,

   2 Les trois rapports préparés par Mme Minick-Scokalo qui étaient présentés à Douglas Daft, M. Douglas Ivester et Michael Hall concernant le surcharge avec concentrat ou produit et/ou la croissance insoutenable des ventes de CCJC et

   3 Les documents concernant toute version de la présentation intitulée « tuer la poule aux œufs dorés (qui pond des œufs doré) » « killing the goose that laid the golden egg », qui était présentée par Mme. Minick-Scokalo à Michael Hall entre 1998-2000, qui discute la pratique de fourrer les chaînes de distribution « channel stuffing » de Coke au Japon et que était présentée en version similaire aussi à Messrs Douglas Daft et M. Douglas Ivester dans la même période.



**CANTON DE VAUD**

**TRIBUNAL D'ARRONDISSEMENT**
**DE LA COTE**

Route de St-Cergue 38
1260 Nyon

**18. Jan. 2007**

**LSI**
Maître
Christian Alexandre MEYER
Dr. iur. HSG, Rechtsanwalt Büro
Hürlimann & Uhlmann
Bahnhofstr. 3
Postfach 8022 Zürich
8001 Zürich ZH

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CARPENTERS HEALTH & WELFARE FUND, ET AL., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Misc. No. 1:06-mc-00508-JDB |
| THE COCA-COLA CO., et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

**[PROPOSED] ORDER**

This cause came before the Court on K. Chris Todd's Motion to Stay Proceedings Pending Concurrent Proceedings in Switzerland. After reviewing the pleadings, and otherwise being advised in the premises, it is hereby ORDERED that the aforesaid motion is GRANTED.

SO ORDERED, this _____ day of _____, 2007.

_____
Hon. John D. Bates
United States District Court Judge